```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

BRYSON ANDREW,                   )
                                 )
      Petitioner,                )    Civil Action No. 09-241-JMH
                                 )
vs.                              )
                                 )
UNITED STATES OF AMERICA, ET     )    **MEMORANDUM OPINION**
AL.,                             )    **AND ORDER**
                                 )
      Respondents.               )

```
                    *****   *****   *****
```

Bryson Andrew is an inmate incarcerated at the Federal Medical Center in Lexington, Kentucky. Andrew has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 2] After the Court directed him to either pay the $5 filing fee or file a motion to proceed *in forma pauperis* properly supported by a certificate of inmate account, [R. 6], Andrew now filed a motion to proceed *in forma pauperis*. [R. 7]

In his motion, Andrew states that he is employed by the prison earning $5.25 per month, and that he has received no other income from any other source over the last twelve months. [R. 7 at pg. 1] Just above the signature line on the court-supplied form, the applicant "declare[s] under penalty of perjury that the above information is true and understand[s] that a false statement may result in dismissal of my claims." [R. 7 at pg. 2]

The certificate of inmate account provided by the Bureau of Prisons [R. 7-2 at pg. 2] establishes that Andrew's allegation of poverty is patently false. That certificate indicates that Andrew

had $1,040.14 in his inmate account on July 16, 2009; that over the last six months $1,823.20 was deposited into his inmate account; and that his average daily balance over the last six months was $1,334.12. The foregoing information establishes that over $300 per month has been deposited into Andrew's account over the last six months and that his balance has remained consistently over $1,000 during the same period.

The Court has the authority, if not the duty, to dismiss an action if it determines that the affidavit of poverty is untrue. 28 U.S.C. § 1915(e)(2) ("the court **shall** dismiss the case at any time if the court determines that ... (A) the allegation of poverty is untrue.") (emphasis added); *Christensen v. Bristol-Myers Co.*, 1990 WL 6554, **2 (S.D.N.Y. 1990). The statute does not require that the allegation be intentionally false (though such an inference would be readily warranted here) before dismissal is required, merely that it be untrue.

Courts have cautioned that outright dismissal with prejudice of a civil action is an extreme sanction which, because it denies the plaintiff any opportunity to have their claim adjudicated on the merits, should be imposed only in the most extreme circumstances. *See Choi v. Chemical Bank*, 939 F.Supp. 304, 308 (S.D.N.Y. 1996); *Acevado v. Reid*, 653 F.Supp. 347, 348 (S.D.N.Y. 1986). However, this proceeding arises not from a civil complaint but from a petition for a writ of habeas corpus. Principles of claim and issue preclusion do not apply in the habeas context in the same manner as they do to a civil claim. *Woo Dong v. United*

*States*, 265 U.S. 239 (1924). The primary limitation on the successive presentment of the same claim in habeas corpus petitions subject only to Section 2241, and not Section 2254, is the abuse of the writ doctrine. *McClesky v. Zant*, 499 U.S. 467, 480-81 (1991); *Rosales-Garcia v. Holland*, 322 F.3d 386, 398-99 (6th Cir. 2003) (AEDPA's limitations on successive 2254 petitions did not affect 2241 petitions, leaving pre-AEDPA abuse of the writ doctrine intact). Where a petition filed under Section 2241 is denied on procedural grounds, whether for failure to exhaust administrative remedies or pay the filing fee, the petitioner is free to file a new petition once the procedural shortcoming is remedied without abusing the writ. *See* 28 U.S.C. § 2244(a) (denying jurisdiction over subsequent petition only where prior petition was denied based upon a determination regarding "the legality of such detention."); *McClesky*, 499 U.S. at 482 ("prior adjudication bore vital relevance to the exercise of the court's discretion in determining whether to consider the petition."). Accordingly, the concerns raised in *Acevado* and *Choi* regarding preclusive effects of dismissing a civil complaint with prejudice are inapposite in the context of a habeas petition filed under Section 2241.

The Court therefore concludes that the writ must, and should, be denied. 28 U.S.C. § 1915(e)(2)(A). Andrew is advised that he may assert the same claim presented here by filing a new Section 2241 habeas petition upon payment of the $5 filing fee.

Accordingly, **IT IS ORDERED** that:

1. Andrew's Motion to Amend Petition [R. 4] is **GRANTED.**

2. Andrew's Motion for Leave to Proceed *In Forma Pauperis* [R. 7] is **DENIED.**

3. Andrew's petition for a writ of habeas corpus [R. 2] is **DENIED.**

4. Andrew's Motion for Leave Requesting Immediate Issuance of Writ of Habeas Corpus or, in the alternative, Order to Compel in the Nature of Mandamus [R. 3] and Motion for Leave to File Motion to Update Petitioner's Status and Request a Prompt Review of Petition [R. 5] are **DENIED AS MOOT.**

5. The Court will enter an appropriate Judgment.

This the 22nd day of July, 2009.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge